UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
  UNITED STATES OF AMERICA,

                                                          **ORDER**

    v.
                                                          20-CR-00626-15 (PMH)

  ISAIAH SANTOS,

                              Defendant.
----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

On November 18, 2025, Defendant Isaiah Santos, proceeding *pro se*, filed a letter requesting that he serve the remainder of his sentence under home confinement. (Doc. 1027). However, the Court is not authorized under 18 U.S.C. § 3582(c)(1)(A) to convert a term of imprisonment into a term of home confinement. "[T]he authority to place a prisoner in home confinement rests with the [Bureau of Prisons] BOP under 18 U.S.C. § 3624(c)(2), and the discretion to make such an order lies solely with the Attorney General." *United States v. Konny*, 463 F. Supp. 3d 402, 405 (S.D.N.Y. 2020). Therefore, the Court construed Defendant's letter as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") and directed the Government to respond. (Doc. 1028). The Government submitted its response to the Motion on December 9, 2025. (Doc. 1030, "Gov't Opp."). On December 9, 2025, Defendant filed a separate Motion for Home Confinement. (Doc. 1031). On February 2, 2026, Defendant filed a supplemental letter in support of the Motion. (Doc. 1032).

For the reasons set forth below, the Court concludes that Defendant has failed to establish the existence of extraordinary and compelling reasons to warrant a sentence reduction, and consideration of the factors set forth in 18 U.S.C. § 3553(a) does not warrant the relief requested. Accordingly, the Motion is DENIED.

1

## BACKGROUND[1]

Untouchable Gorilla Stone Nation ("Gorilla Stone") is a violent street gang with a national presence. (PSR ¶ 9). Gorilla Stone has hundreds of members across New York State, including in all five boroughs of New York City and throughout the New York State Prison System. (*Id.* ¶ 9). Gorilla Stone members were charged with numerous crimes committed in furtherance of their joint enterprise. The charges included racketeering conspiracy, a large-scale narcotics conspiracy, firearms offenses, fraud, murder, two attempted murders, two gunpoint drug-related robberies, and a slashing. (*Id.* ¶ 10).

Defendant became a member of Gorilla Stone at the age of 18 and was involved in narcotics trafficking. (*Id.* ¶ 37; Sent. Tr. at 16). On February 2, 2020, Defendant possessed and brandished a firearm during and in relation to a drug trafficking crime. On that day, a victim invited Defendant to his Staten Island home to buy marijuana from Defendant. (PSR ¶ 38). During the narcotics sale, a struggle ensued and Defendant hit the victim. (*Id.*). As Defendant was leaving the victim's residence, he turned around, pointed a black gun at the victim, and stated, in sum and substance, "I'll blow your head off." (*Id.*).

On August 8, 2022, Defendant pled guilty to a single-count Information charging him with brandishing of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). On April 7, 2023, Defendant appeared before this Court for sentencing. After addressing the nature and circumstances of the offense, and the history and characteristics of Defendant, the Court sentenced Defendant to the statutory mandatory minimum sentence of

---

[1] The Court draws the background facts principally from the Presentence Investigation Report, revised October 26, 2022, prepared in this case in connection with Defendant's sentencing ("PSR"); Defendant's submissions (Docs. 1027, 1031 & 1032); the Government's response to the Motion (Doc. 1030); and the sentencing transcript (Doc. 755, "Sent. Tr.").

seven years' imprisonment as recommended by the Government, Defendant and Probation. (Docs. 617, 755).[2] Defendant's projected release date is June 23, 2027. (https://www.bop.gov/inmateloc/ (last visited February 9, 2026)).

## STANDARD OF REVIEW

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).[3] Compassionate release is one of the limited exceptions enumerated in 18 U.S.C. § 3582(c). Under the First Step Act, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal [or] a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence, on a defendant's motion, if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). "The moving party bears the burden of proving that extraordinary and compelling reasons exist." *United States v. Rodriguez*, No. 19-CR-00012, 2020 WL 2787629, at *3 (S.D.N.Y. May 28, 2020).

"[T]he existence *vel non* of extraordinary and compelling reasons determines only whether a defendant can be considered for release—the existence of such reasons does not mandate release." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

---

[2] A mandatory minimum sentence does not preclude the Court from reducing a term of imprisonment on a motion for compassionate release. *See United States v.* Halvon, 26 F.4th 566, 570 (2d Cir. 2022).

[3] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

The statutory scheme thus requires first that a court determine that a defendant has exhausted his administrative remedies, that "extraordinary and compelling" reasons exist for a reduction in sentence, and that such reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Once these elements are met, the Court must then consider and determine whether the § 3553(a) factors support early release. Application of the § 3553(a) factors requires an assessment of whether the relevant factors "outweigh the extraordinary and compelling reasons warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 431. Those factors include, among others: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," and (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

## **ANALYSIS**

Defendant is not entitled to a sentence reduction because he has failed to establish the existence of extraordinary and compelling reasons, and consideration of the factors set forth in 18 U.S.C. § 3553(a) does not warrant the relief requested.

There is no indication that Defendant has exhausted his administrative remedies prior to filing the instant Motion, however, the exhaustion requirement under § 3582(c)(1)(A) "is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). The Government does not raise the issue of exhaustion in its opposition brief. Therefore, the Government has waived any exhaustion argument and the Court will consider the merits of Defendant's Motion.

4

Defendant states that he is seeking early release at this juncture because at his sentencing hearing the Court informed him that he was either the least or second least culpable person in the criminal enterprise and the Court wished it could sentence him to below the mandatory minimum sentence. (*See* Docs. 1027 & 1031). Defendant misconstrued the Court's words at sentencing. The Court imposed the mandatory minimum 84-month term of imprisonment because the sentence was "sufficient but not greater than necessary to comply with the purposes set forth in the sentencing statute." (Sent. Tr. at 14). The Court did not express a desire to sentence the defendant to less than the mandatory minimum or otherwise suggest that Defendant would have received a lesser sentence but for the mandatory sentence imposed by the statute. At sentencing, the Court emphasized the serious nature of the offense involving Defendant's direct and active participation in a violent gang that terrorized local communities where he possessed and brandished a firearm in relation to drug trafficking. (Sent. Tr. at 14-15, 19). The sentence imposed was also necessary to afford adequate deterrence and respect for the law. (Sent. Tr. 19). The Court also informed Defendant that in fashioning an appropriate sentence it considered all of the § 3553(a) factors, including that he had no leadership role in the gang, he was affiliated with the gang for a relatively short period of time prior to the offense and the fact that the "government viewed Mr. Santos as probably the second least culpable defendant in the case." (Sent. Tr. at 15-16).

With respect to "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i), the Sentencing Commission has issued a Policy Statement setting forth certain definitions. U.S. Sentencing Guidelines Manual § 1B1.13(b)(1)-(6);[4] *see Ebbers*, 432 F. Supp. 3d at 426. The

---

[4] Where, as here, the motion is brought by a defendant as opposed to the BOP Director, the Court is not constrained to the definitions set forth in the policy statement, and has discretion "to determine what reasons, for purposes of compassionate release, are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

reasons cited by the defendant for early release do not place him squarely within any of the Policy Statement's definitions of "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13(b)(1)-(6); and the Court separately does not find Defendant's reasons extraordinary and compelling. Defendant seeks early release for four primary reasons: (1) he was arrested at the young age of 19 and persons under the age of 25 do not have fully developed brains; (2) he has completed a majority of his sentence and he has learned from his mistakes; (3) he has not been in too much trouble with less than eight write-ups in five years; and (4) lockdowns and rescheduling have hindered his completion of G.E.D. credits. (*See* Docs. 1027 & 1031).

Defendant argues that he was 19 years at the time he was arrested and science demonstrates that at this age his brain was not yet fully developed. "While courts may consider youth-related characteristics under § 1B1.13, youth alone—even substantial youth—is insufficient to meet the extraordinary and compelling standard, particularly where it was accounted for at sentencing." *United States v. Green*, No. 17-CR-506, 2025 WL 3470099, at *3 (Dec. 3, 2025) (citing cases)). At sentencing, the Court was aware of and considered the defendant's age in fashioning an appropriate sentence. (Sent. Tr. at 14-15). In addition, "[c]ourts in this District have denied similar motions for compassionate release based on the defendant's age, where the defendant's actions were calculated and deliberate and not the product of duress." *See United States v. Delvalle*, No. 17-CR-314, 2024 WL 3934989, at *4 (S.D.N.Y. Aug. 23, 2024) (citing cases). While the Court accepts that Defendant's decision to join the gang was at least partially attributable to immaturity and impulsiveness associated with youthful decision-making, his actions in brandishing a firearm and threatening his victim during a narcotics sale were not the product of duress. Therefore, Defendant's youth at the time of the offense does not constitute extraordinary and compelling reasons to warrant a sentence reduction.

The fact that the defendant has served a majority of his sentence and his disciplinary record similarly do not merit a sentence reduction. There is nothing extraordinary about serving the majority of a term of imprisonment imposed by the Court. Defendant's prison disciplinary record also refutes his characterization of not being in "trouble much" as he admittedly has been involved in eight disciplinary events during his time in prison, including three fights, one illicit substance violation, and one violation for the destruction of property. (*See* Doc. 1027).[5]

Defendant also states that he has completed two GED exams and he has been unable to complete the remaining two exams due to lockdowns and scheduling issues. (Docs. 1027 & 1031). The Court commends Defendant for making productive use of his time in custody as his conduct demonstrates efforts toward rehabilitation. The Court encourages Defendant to continue working to obtain his GED to accomplish his goal expressed at the time of sentencing. (Sent. Tr. at 17-18). Nonetheless, "it is well settled that rehabilitation alone cannot establish an extraordinary and compelling reason for early release." *United States v. Fernandez*, No. 13-CR-20, 2024 WL 5220529, at *6 (S.D.N.Y. Dec. 26, 2024). Accordingly, the Court finds that Defendant has not shown extraordinary and compelling reasons supporting his early release.

Moreover, granting Defendant a reduction in sentence would be neither "consistent with the applicable policy statement issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A). Thus, even if the Court found Defendant's application sufficient to establish "extraordinary and compelling" reasons, and consistent with the Sentencing Commission's policy statement, the Court's determination must also be supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). This, the Court cannot do.

---

[5] The Government submitted Defendant's prison disciplinary record to the Court under seal.

The Section 3553(a) factors do not support early release. These factors, such as "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct" weigh against his early release. 18 U.S.C. § 3553(a). "Court[s] should be wary of using [a] motion [for compassionate release] to 'correct' the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences . . . ." *Ebbers*, 432 F. Supp. 3d at 430.

The Court imposed the mandatory minimum sentence of 84 months of imprisonment. Granting Defendant an early release would not reflect the seriousness of Defendant's conduct, nor would it promote the need for deterrence. For the reasons stated above and in detail at Defendant's sentencing, which the Court incorporates by reference herein, the mandatory minimum sentence was necessary to achieve those goals. In addition, Defendant has not shown any reason that the sentence imposed by the Court is no longer sound. Indeed, the sentence fully accounted for some of the arguments Defendant now raises and other mitigating factors, including his age at the time of the offense, his role in the gang compared to his co-Defendants, his lack of youthful guidance, his family ties, his mental health issues and his lack of criminal history. (Sent. Tr. at 15-18). While the Court applauds Defendant's efforts at rehabilitation and encourages him to continue in them, the sentence imposed three years ago remains the appropriate sentence today.

### CONCLUSION

Accordingly, Defendant's Motion is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 1031), and to mail a copy of this Order to Defendant at # 19845-509, FCI Berlin, Federal Correctional Institution, P.O. Box 9000, Berlin, NH 03570.

**SO ORDERED:**

Dated:  White Plains, New York
        February 10, 2026

_____

Philip M. Halpern
United States District Judge